_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01155-JLS-E                                                  Date: September 12, 2016
Title:  James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indemnity Insurance Company

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 14)**

    Before the Court is Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Motion for Partial Summary Judgment.  (Mot., Doc. 14.)  For the following reasons, the Court STRIKES the Motion and VACATES the hearing set for September 23, 2016, at 2:30 P.M.
    Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, *the substance of the contemplated motion and any potential resolution*."  C.D. Cal. R. 7-3 (emphasis added).  This conference of counsel "shall take place *at least seven (7) days prior* to the filing of the motion."  *Id*. (emphasis added).
    The purpose of Local Rule 7-3 is to help parties "reach a resolution which eliminates the necessity for a hearing."  *Id*.  Because of the importance of Local Rule 7-3 in furthering judicial economy and the administration of justice, this Court reminds counsel of their meet and confer obligations in the Court's Initial Standing Order.  (ISO ¶ 10(b), Doc. 10 ("Counsel must comply with Local Rule 7-3 . . . Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.").)  Parties must strictly adhere to the Local Rules of this district, and a district court has the discretion to strike any motion that fails to comply with the Local Rules.  *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:16-cv-01155-JLS-E | Date: September 12, 2016 |
| Title:  James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indemnity Insurance Company | |

managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

On August 3, 2016, Plaintiff filed this Motion for Partial Summary Judgment. (Mot.)  The Motion contains a declaration that "[t]his motion is made following the conferences of counsel pursuant to L.R. 7-3, which took place between July 12, 2016 and July 18, 2016."  (Mot.)  The Court finds Plaintiff's attached email exchange (Re: Glidewell v. Philadelphia Emails, Exh. 1, Doc. 14-4) wholly insufficient to satisfy the Rule's requirement that "counsel . . . shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion . . . ."  C.D. Cal. R. 7-3.

Further, while the Court understands that Plaintiff believes that partial summary judgment is appropriate at this time, the Court reminds the parties that each "party may file only one summary judgment motion in a case."  (ISO ¶ 11(c).)

Accordingly, the Motion for Partial Summary Judgment is STRICKEN.

Initials of Preparer:  tg

_____